925 F.2d 490
 288 U.S.App.D.C. 259
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Victoria Yvonne WILLIAMS, Appellant.
 No. 90-3280.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 11, 1991.
 
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and CLARENCE THOMAS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record on appeal from the United States District Court for the District of Columbia and on the memoranda filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order filed November 28, 1990, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Following a preliminary hearing and detention hearing at which Williams was represented by counsel, the district court found probable cause to believe that Williams had unlawfully possessed over 50 grams of cocaine base with intent to distribute in violation of 21 U.S.C. Secs. 841(a), 841(b)(1)(A)(iii). The court also found that no condition or combination of conditions of release would protect the community from the danger indicated by the drugs and weapons seized during execution of a search warrant at an apartment in which Williams resided. The court therefore ordered her detained without bond pending trial.
 
 
 5
 Williams raises two objections on appeal. She first asserts that the United States' evidence did not link her to the drugs seized from the apartment. However, the government established that 165 grams of cocaine were located in a safe in the apartment and that Williams's daughter sold cocaine to an undercover agent at Williams's direction just prior to the execution of the search warrant. See Tr. 6-9, 27-28. Williams was also in possession of a glass pipe of the type used to smoke crack cocaine. Tr. 6, 25-26. As this evidence establishes a sufficient connection between Williams and the cocaine, her objection is without merit.
 
 
 6
 Williams next asserts that the United States did not produce clear and convincing evidence that her release would endanger the community; Williams notes in this regard that she has a daughter and that she is a lifelong resident of the District of Columbia. Possession of over 50 grams of cocaine base with intent to distribute is an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act. See 21 U.S.C. Sec. 841(b). If a judicial officer finds probable cause to believe that an individual has committed such an offense, a rebuttable presumption arises under 18 U.S.C. Sec. 3142(e) that no condition or combination of conditions of release will reasonably assure the safety of the community.
 
 
 7
 Although the district court did not expressly refer to the presumption in the present case, the court's finding that no combination of conditions of release would assure the safety of the community is consistent with the presumption and supported by the record evidence outlined above. The court's finding of danger to the community is further supported by the presence of semiautomatic and automatic weapons in both bedrooms of Williams's apartment. See Tr. 6, 8-9. Finally, Williams's contention that her daughter and her lifelong District of Columbia residence would somehow assure the safety of the community is anomalous in light of her daughter's participation in a drug transaction conducted at Williams's direction in her residence.
 
 
 8
 Because the district court correctly applied the law and because its findings of fact are fully supported by the record, we affirm the court's pretrial detention order.